**Judith Faye MILLS, Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION,**
**Appellant.**

**No. 89–1645.**

Court of Appeals of Iowa.

Aug. 30, 1990.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., Mark Hunacek and David A. Ferree, Asst. Attys. Gen., for appellant.

William L. Meardon of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The Iowa Department of Transportation (IDOT) condemned a temporary easement from Judith Mills' property for the purpose of securing borrow material. The compensation commission awarded Mills $16,000 in damages pursuant to Iowa Code chapter 472. Mills appealed the award to the district court and the district court entered judgment on a jury verdict in favor of Mills for $25,000. IDOT appeals.

IDOT contends that Mills' expert, Robert Crane, should not have been permitted to testify. While Crane was timely designated, Mills failed to supplement her answers to interrogatories to reflect Crane's opinion, as required by Iowa Rule of Civil Procedure 125. Additionally, it claims that Crane's opinion was based on an improper legal measure of damages.

IDOT further asserts that evidence concerning the composition of the compensation commission, including the names and

qualifications of its members, was improperly excluded. It bases this assertion on the 1984 amendment to Iowa Code section 472.21, which provides: "The appraisement of damages by the compensation commission is admissible in the action [the district court action]."

I. *The Expert Witness's Testimony.* The first issue to be addressed is whether the trial court erred by allowing the Plaintiff's expert, Robert Crane, to testify even though the Plaintiff failed to supplement her interrogatories to reflect the opinion of the expert. In this respect, the record reveals that plaintiff designated Mr. Crane as her expert appraisal witness on September 1, 1988. Plaintiff's answers to interrogatories were never updated to reflect Crane's testimony. On July 18, 1989, less than two weeks before trial, defendant's counsel received a copy of Crane's report. Trial began on July 31, 1989. The IDOT argues with a great deal of persuasion that the court erred in allowing his testimony.

■ Iowa Rule of Civil Procedure 125(c) states:

*Duty to supplement discovery as to experts.* If a party expects to call an expert witness when the identity or the subject of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these matters, such response must be supplemented to include [the name and address of the expert, the subject of the expert's testimony, the expert's qualifications, the mental impressions and opinions held by the expert, and the underlying facts which form the basis of the expert's opinion] as soon as practicable, but in no event less than thirty days prior to the beginning of trial except on leave of court. *If [the information is] not disclosed in compliance with this rule, the court in its discretion may exclude or limit the testimony of such expert, or make such orders in regard to the nondisclosure as are just.*

(Emphasis added.) We will not disturb a district court's decision under this rule unless the court abused its discretion.

*Hoekstra v. Farm Bureau Mut. Ins. Co.,* 382 N.W.2d 100, 108 (Iowa 1986). An abuse of discretion is found only when the grounds for the decision are "clearly untenable or to an extent clearly unreasonable." *Id.* at 108.

Like in *Preferred Marketing Assoc. Co. v. Hawkeye National Life Ins. Co.,* 452 N.W.2d 389, 393 (Iowa 1990), "were we deciding the matter in the first instance we might well exclude expert testimony thrust on the defendant at so late a date. Noncompliance with discovery rules and discovery orders should not be tolerated. Often it is not tolerated."

It is well settled that the mere designation of the name of the expert does not satisfy the requirements of the discovery rule. Rule 125(c) makes it clear that if a party expects to call an expert witness, in addition to naming the expert and giving his address, "the subject of the expert's testimony, the expert's qualifications, the mental impressions and opinions held by the expert, and the underlying facts which form the basis of the expert's opinion" must be revealed by way of a supplement to the original response, and that supplement must take place as soon as practicable but in no event less than thirty days prior to the beginning of trial except on leave of court.

■ The plaintiff's failure to update answers to interrogatories places her in violation of the rule. But our task is to determine whether the trial court abused its discretion in permitting the testimony. In this regard, we must apply the test of whether the trial court's decision is so clearly untenable or to an extent clearly unreasonable so as to constitute an abuse.

The name of the expert was revealed in September of 1988. Correspondence took place between the attorneys on April 18, 1989, May 24, 1989, and June 14, 1989. Trial was scheduled for July 31, 1989. In the May correspondence, defense counsel made mention that he desired to take plaintiff's expert's deposition. Defense counsel, in his June 14 correspondence, confirmed that he was going to take the deposition of plaintiff on July 17 and that after he re-

ceived the report of the expert (which was expected "next week"), he was to then discuss with plaintiff's counsel the taking of the expert's deposition. The report was furnished almost two weeks prior to trial. The IDOT filed its motion to exclude on July 21, and the court overruled that motion on July 24.

The purpose of rule 125 is to avoid surprise to litigants and to allow the parties to formulate their positions on such evidence as is available. *Lambert v. Sisters of Mercy Health Corp.*, 369 N.W.2d 417 (Iowa 1985). In this case, the name of the expert was designated months before trial. It is apparent from the correspondence between counsel that the defendant intended to take the deposition of the witness. We are unable to find that the IDOT was surprised because the witness was to be called. We find that the trial judge did not behave in an unreasonable manner in concluding that it was appropriate to admit the testimony of the plaintiff's expert. We affirm the trial court's decision rejecting defendant's request to disqualify plaintiff's expert.

II. *Expert's Testimony as to Value.* The second issue raised by the defendant is whether the trial court erred in allowing the expert to testify to, what the defendants contend, is an improper measure of damages. We conclude it did not.

The legal measure of damages applied in practically all partial taking cases is the difference between the fair market value of the property immediately before condemnation and the fair market value of what is left after the taking. *Kukkuk v. City of Des Moines*, 193 Iowa 444, 448, 187 N.W. 209, 211 (1922). In this case the expert, Mr. Crane, gave testimony on direct examination as to the before and after fair market value of the property. He calculated the before fair market value through the use of comparable sales but could not do the same for the after market value because there were no comparable sales by which to evaluate the worth of the after condemned property. Since Mr. Crane could not evaluate the land by the usually accepted method he looked at the condition of the property after the condemnation and

considered various factors that affected the property's value. "It is well settled that when no comparable sales exist, market value must be estimated." *United States v. 47.14 Acres of Land*, 674 F.2d 722, 725 (8th Cir.1982).

The factors Mr. Crane considered included soil compaction, alteration of drainage, and loss of reputation. After determining the impact on the value of the property he then calculated the value of the after condemnation worth of the property. Since there were no comparable sales to be considered, it is logical that Mr. Crane would be forced to use a different valuation method and consider factors affecting the overall value of the property. A thorough examination of the record of Mr. Crane's testimony reveals that the measure of damages he used was reasonable and relevant in determining the value of property that was condemned by the state.

The defendant asserts that allowing the testimony of Mr. Crane was error because he did not begin his analysis as has been suggested by the Iowa Supreme Court in previous condemnation cases. Nonetheless, in viewing the testimony in it's entirety, it is apparent that Mr. Crane did begin his analysis with the value of the property before condemnation, which is what the supreme court has suggested. Mr. Crane diverts from the regularly accepted standard only in his "after condemnation" analysis because there were no comparable sales to contrast with the property he was evaluating. The fact that this analysis was different does not render it specious. We have considered the other argument concerning admissibility advanced by the defendant. We think those arguments go to the weight to be given the opinion, not to its admissibility.

III. *Compensation Commission.* The third issue advanced by the defendant IDOT concerns evidence regarding the compensation commission. The defendant contends the trial court erred in refusing to admit evidence and a jury instruction regarding the identity of the members of the compensation commission and their qualifi-

cations. We find no error and affirm the trial court's decision as to this issue.

Originally at common law, evidence relating to the compensation commission's award was inadmissible. *Gregory v. Kirkman Consolidated Independent School Dist.,* 193 Iowa 579, 187 N.W. 553, 554 (1922). The Iowa Code presently provides an exception to this common law rule. This rule provides that "the appraisement of damages by the compensation commission is admissible in the action." Iowa Code § 472.21 (1989).

The defendant urges this court to find that the term appraisement encompasses not only the amount awarded by the compensation committee but also the composition of the committee. We reject this contention and find the trial court was accurate in its decision to exclude the evidence with respect to the composition of the compensation commission.

The trial court noted in sustaining the plaintiff's objection to the composition evidence, that the statute only creates an exception to the common law rule to the extent that the actual appraisal is admissible rather than the entire process used to produce the appraisal. According to Websters Dictionary, appraisement is "the act of estimating or the stated result of the act of estimating." Websters Third New International Dictionary (1971). Clearly, this definition does not encompass identifying the persons on the committee or their qualifications. On its face it suggests that appraisement is the final estimate reached when an appraisal is being done. The court clearly followed the plain meaning of the statute, and we affirm the trial court's decision to limit the admitted evidence to the final dollar figure reached by the compensation committee.

AFFIRMED.