# IN THE COURT OF APPEALS OF IOWA

No. 16-1249
Filed May 17, 2017

JEREMY BOATMAN and KRISTI BOATMAN,
     Plaintiff-Appellees,

vs.

COUNTRY EARTHMOVING, L.L.C., a/k/a CME,
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

Country Earthmoving, L.L.C. appeals the district court's denial of a motion for new trial. **AFFIRMED.**

John C. Gray and Jason D. Bring of Heidman Law Firm, LLP, Sioux City, for appellant.

Tod J. Deck of Deck Law, LLP., Sioux City, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Country Earthmoving, L.L.C. (Country) appeals the district court's denial of its motion for new trial. Country claims the district court failed to strike and improperly allowed what amounted to expert testimony from a non-expert witness. We find Country was not unfairly surprised nor prejudiced by the testimony. We affirm the district court.

## I. Background Facts and Proceedings

Jeremy and Kristi Boatman (Boatmans) hired Country to construct a retaining wall. The retaining wall failed, and the Boatmans contacted Don Sewalson, a contractor, in order to determine what caused the failure and what could be done to repair the wall. The Boatmans then filed suit on May 18, 2015, alleging breach of contract, breach of expressed and implied warranties, negligence, and fraudulent concealment.

The Boatmans listed Sewalson as a fact witness and noted he would testify as to the nature of the work performed by Country, the cause of the failure, and damages. The parties were required to designate expert witnesses on or before October 27; no designation was made by the Boatmans. The Boatmans provided no supplemental discovery answers indicating Sewalson should be considered an expert witness.

On May 17, 2016, one week before the trial, Country filed a motion in limine requesting any expert testimony be excluded as no expert witnesses were disclosed. The district court denied the motion but attempted to address the situation with the following colloquy:

> THE COURT: Let the record reflect we're outside the presence of the jury, and I'd like to make a record on some matters. Mr. Bring, when I indicated my inclination to allow the testimony of mister - I was going to - Sewalson, I'll just say, I gave you the opportunity of continuance of trial or to speak with him in advance of his testimony. Obviously, you elected not to ask for a continuance, correct?
>
> MR. BRING: Correct, Your Honor.
>
> THE COURT: Are you going to want to speak with him in advance of his testimony, or tell me how you want to go forward.
>
> MR. BRING: No, I don't think so at this point. I don't think we need to delay anything.

During trial, Country objected to Sewalson's testimony as improper expert testimony, which was overruled. At the close of the Boatmans' case, Country moved to strike Sewalson's testimony as improper, and the district court reserved ruling until the close of all evidence. When the motion was renewed, the district court denied the motion.

The jury found in favor of the Boatmans but found them to be thirty percent at fault. Country timely moved for a new trial, citing the district court's refusal to exclude Sewalson's testimony. The district court found the Boatmans had "inartfully categorized" the nature of Sewalson's testimony, but ultimately found Country generally knew the content of the testimony and was simply using "gamesmanship" to exclude testimony. The district court found Country had waived the issue and "[t]he fact [Country] did not accept the court's invitation to continue the trial after stating Mr. Sewalson's testimony would be permitted and did not wish to depose or speak with him prior to his testimony confirmed this testimony was not a surprise or unexpected." Country now appeals.

## II. Standard of Review

Alleged errors concerning admitting evidence are considered under an abuse of discretion standard. *Dettmann v. Kruckenberg*, 613 N.W.2d 238, 249 (Iowa 2000). A court has abused its discretion when "the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' 'A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law.'" *State v. Rodriquez*, 636 N.W.2d 234, 239 (Iowa 2001) (citations omitted). Reversal is not required, even if abuse of discretion has occurred, if prejudice is not shown. *State v. Buenaventura*, 660 N.W.2d 38, 50 (Iowa 2003).

## III. Expert Testimony

Country claims the district court erred by allowing Sewalson to testify as Sewalson was never designated an expert and was not properly included in the Boatmans' answers to discovery. Country claims these violations should have precluded Sewalson from giving what amounted to expert testimony on causation.

Our supreme court has held the rules of discovery exist to, in part, "avoid surprise to parties." *Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 386 (Iowa 2012). Our courts have attempted to remove gamesmanship from civil trials, as far as possible, "to allow the parties to formulate their positions on such evidence as is available." *Mills v. Iowa Dep't of Transp.*, 462 N.W.2d 300, 303 (Iowa Ct. App. 1990).

In the present case, Sewalson's testimony had been disclosed December 3, 2015, more than five months before trial. Country understood the

content of Sewalson's testimony as evidenced by their motion in limine. Additionally, when the district court offered a continuance or the opportunity to speak with Sewalson prior to his testimony, County refused stating, "I don't think we need to delay anything." However, when Sewalson testified on the issues disclosed by the Boatmans, Country attempted to have the testimony stricken, requested a new trial, and was seemingly unsatisfied with any remedy short of reopening discovery.

We find the district court did not abuse it's discretion in allowing Sewalson's testimony. *See Hagenow v. Schmidt,* 842 N.W.2d 661, 671 (Iowa 2014) (holding no abuse of discretion occurred when testimony was allowed that was disclosed two months before trial and no unfair prejudice occurred) *overruled on other grounds by Alcala v. Marriott Int'l, Inc*., 880 N.W.2d 699 (Iowa 2016). Sewalson's testimony was disclosed five months before trial and Country refused reasonable and adequate remedies offered by the district court. We agree with the district court that the attempt to raise the issue of Sewalson's testimony a second time in a motion for new trial "in effect gives Defendant a second opportunity to try the same case and get a sneak peek of what may happen and serves as a tremendous waste of judicial resources." We affirm the district court.

**AFFIRMED.**