**In the Matter of the ESTATE OF Eugene C. FARRELL, Sr., Deceased;**

**Nancy Marie ROCKHILL, Kathleen Romaine Lenaghan, Dianna Lynn Behrens, Deborah Ann Behrens, Dennis Wayne Farrell, and Janet Louise Koehler, Plaintiffs–Appellants,**

**v.**

**Eugene C. FARRELL, Jr., Defendant–Appellee,**

**and**

**Terry Craig Farrell, Defendant.**

**No. 89–1071.**

Court of Appeals of Iowa.

Aug. 30, 1990.

Michael J. McCarthy of McCarthy & Lammers, Davenport, for plaintiffs-appellants.

Jerry A. Soper of Coyle, Gilman & Stengel, Rock Island, Ill., for defendant-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Eugene Farrell, Sr. died intestate on March 17, 1986. Eugene died single but left eight children surviving him from a prior marriage. Plaintiffs and defendants are the eight children of Eugene Farrell, Sr.

Eugene Sr.'s estate consisted, in part, of an IPERS pension fund with Eugene C. Farrell, Jr. designated as the sole primary beneficiary. Plaintiffs filed this declaratory judgment action seeking to impose a constructive trust on the IPERS proceeds in favor of all of the children. Plaintiffs argued it was the intention of Eugene Sr. that Eugene Jr. distribute the proceeds to all the children. Although the district court believed that Eugene Sr. intended to distribute his property equally among all his children, the court refused to impose a constructive trust on the IPERS proceeds.

Plaintiffs appeal. Plaintiffs contend that the district court erred in failing to impress a trust on the proceeds despite the court's finding that the deceased probably intended all his children to share equally. We now affirm.

■ Our review is de novo. *Estate of Randall v. McKibben*, 191 N.W.2d 693, 698 (Iowa 1971). We give weight to the fact findings of the trial court, especially when considering the credibility of the witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

> A constructive trust is a creature of equity, defined ... as a remedial device by which the holder of legal title is held to be a trustee for the benefit of another who in good conscience is entitled to the beneficial interest. So, the doctrine of constructive trust is an instrument of equity for the maintenance of justice, good faith, and good conscience, resting on a sound public policy requiring that the law should not become the instrument of designing persons to be used for the purpose of fraud.

*Loschen v. Clark*, 256 Iowa 413, 419, 127 N.W.2d 600, 603 (1964). The trust arises by construction of the court and ordinarily the result is reached regardless of and contrary to any intention to create a trust.

*Westcott v. Westcott*, 259 N.W.2d 545, 547 (Iowa App.1977). The party who seeks the imposition of a constructive trust must establish the right by clear, convincing, and satisfactory evidence. *James v. James*, 252 Iowa 326, 330, 105 N.W.2d 498, 500 (1960).

■ The constructive trust remedy is not limited to instances of actual or constructive fraud but may arise because of equitable principles other than fraud. *Id.* 256 Iowa at 419–420, 127 N.W.2d at 603. It may be applied, for purposes of restitution, to prevent unjust enrichment, *Slocum v. Hammond*, 346 N.W.2d 485, 493 (Iowa 1984), and therefore, a constructive trust may be imposed where defendant has profited inequitably at the expense of plaintiff. *See, e.g., Loschen* (where defendant repudiated obligation to pay monthly support, constructive trust created in favor of plaintiff and against farm he helped to purchase was appropriate). However, disappointment of a mere expectation does not justify the imposition of a constructive trust.

■ Plaintiffs claim their father intended that his estate be divided equally among the eight children upon his death and he so informed them on numerous occasions throughout his lifetime. They ask the court to carry out this purported intention by imposing a constructive trust on the proceeds of the IPERS account. It is the plaintiffs' contention that Eugene Jr.'s retention of the IPERS proceeds constitutes unjust enrichment at the expense of his siblings; a constructive trust is therefore the appropriate remedy to "force Eugene Jr. to do what in good conscience he should have done for the benefit of his father and his siblings."

While we do not disagree with plaintiffs' belief that good conscience ought to compel Eugene Jr. to share the fruits of his father's labor with his siblings, it is not this court's province to dictate familial conscience. We find nothing in the record which shows that Eugene Jr. profited or enriched himself inequitably or unconscionably at the expense of his siblings.

The IPERS designation of beneficiary form contains two options: (1) Item A allows one to select contingent sole beneficiaries; (2) Item B reads, "Of the following beneficiaries who survive me, I wish to have lump sum payments made in equal shares, unless otherwise specified." Eugene Sr. filled out two designation of beneficiary forms concerning his IPERS account, the latest was signed about two weeks before his death. On both occasions Eugene Sr. selected Item A naming Eugene Jr. as sole beneficiary. While plaintiffs contend Eugene Sr. intended the siblings to share equally in the IPERS proceeds, his selection of Item A contradicts their contention. Eugene Sr. could easily have selected Item B to carry out that purported intention but he did not.

Eugene Jr. received the IPERS proceeds as the designated beneficiary. He knew nothing of his beneficiary status until sometime after his father had made the designation. Plaintiffs do not allege that defendant was named sole beneficiary through fraud, duress, misrepresentation or concealment. Under these circumstances this court is unable to conclude Eugene Jr. has profited inequitably. Furthermore, in as much as the plaintiffs never possessed an interest in the IPERS proceeds, we are unable to find that Eugene Jr. has received anything at plaintiffs' expense. Although we do not doubt the plaintiffs wished to share in their father's gift, a wish is insufficient to establish the right to the remedial powers of this court. The district court was correct in refusing to impose a constructive trust; the record discloses no evidence showing the defendant enriched himself inequitably or unconscionably at the plaintiffs' expense.

AFFIRMED.