**Clarence NEIMANN, Plaintiff–Appellee,**

v.

**Michael Paul BUTTERFIELD, Defendant–Appellant.**

No. 94–1890.

Court of Appeals of Iowa.

May 31, 1996.

Michael G. Byrne of Winston, Reuber & Byrne, P.C., Mason City, for appellant.

Ted Enabnit of Ted Enabnit, P.C., Mason City, for appellee.

Considered by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

Defendant Michael Butterfield appeals from the trial court's finding of a constructive trust and the denial of his counterclaim. He argues the trial court erred in (1) applying the legal standard of constructive trust rather than express trust; (2) finding plaintiff had proven the elements of a constructive trust; (3) making its assessments of the credibility of the witnesses; (4) denying defendant's motion to reopen the evidence; and (5) denying his counterclaim. We affirm.

*I. Factual Background.* Plaintiff Clarence Neimann is the former father-in-law of defendant. Plaintiff's daughter, Belenann, was married to defendant from January 1986 until May 1993.

In May 1991, plaintiff sold his Minnesota home on contract for $17,000. Plaintiff moved in with defendant and Belenann in their home in Ventura, Iowa. When defendant and Belenann subsequently moved to a home in Mason City, plaintiff continued to reside in their Ventura house.

Plaintiff claims he was persuaded by defendant to place the July 1991 proceeds from the sale of his Minnesota home, into a subaccount of defendant's credit union account. Plaintiff claims the money from the contract sale was for future medical expenses or funeral bills he would have, and the remainder would be an inheritance for his daughter. Defendant claims the money was a gift to Belenann and him.

In July 1992, when defendant and Belenann were experiencing marital difficulties, defendant withdrew the subaccount balance of over $13,000. In October 1993, plaintiff commenced an action seeking a judgment against defendant for the withdrawal of the subaccount balance. Defendant claimed plaintiff had delivered the contract proceeds to defendant for deposit in his account as a trust for plaintiff's benefit. Plaintiff claims defendant misappropriated the money. Defendant answered denying plaintiff's claim.

Defendant subsequently amended his answer to include a counterclaim based on unjust enrichment for the housing and utilities defendant provided plaintiff while plaintiff resided in defendant's home. The trial was held on August 31, 1994. On September 19, 1994, defendant filed a motion to reopen the evidence to allow the submission of a check

from the contract sale of plaintiff's home. The trial court denied the motion.

On October 18, 1994, the trial court entered a ruling awarding plaintiff a judgment of $13,333.20 plus interest after determining plaintiff's transfer of funds was not meant as a gift but was to have been held in constructive trust for his benefit. In rendering its ruling, the court made very specific findings of credibility with respect to Belenann and defendant. The trial court found defendant had failed to meet his burden on his counterclaim and denied recovery. It is from the finding of a constructive trust and the denial of the counterclaim defendant now appeals.

**II. Standard of Review.** The parties dispute the applicable standard of review. Defendant claims our review is de novo and plaintiff claims it is at law. Plaintiff's petition was captioned an action at law and sought a monetary judgment. During trial, the trial court specifically noted the action was at law and it rendered a final judgment as opposed to a decree which is generally the final order entered in an equitable action. *See Citizens Sav. Bank v. Sac City State Bank,* 315 N.W.2d 20, 24 (Iowa 1982). The court ruled on the objections that were made. Equitable principles are applicable notwithstanding an action was a law action. *In re Willenbrock's Estate,* 228 Iowa 234, 241, 290 N.W. 502, 506 (1940). We conclude this action was tried at law and our review is limited to the correction of errors at law. Iowa R.App. P. 4.

**III. Constructive Trust.** In his first two arguments, defendant claims the trial court erred in applying the standards of a constructive trust rather than those of an express trust, and it erred in finding plaintiff had proven the elements of a constructive trust by clear and convincing evidence.

A constructive trust is a remedial device by which the holder of a legal title is held to be a trustee for the benefit of another who in good conscience is entitled to the beneficial interest. *Slocum v. Hammond,* 346 N.W.2d 485, 493 (Iowa 1984). It is an equitable doctrine applied for purposes of restitution to prevent unjust enrichment. *Id.*

There are three categories of constructive trusts: (1) those arising from actual fraud; (2) those arising from constructive fraud; and (3) those based on equitable principles other than fraud. *In re Estate of Peck,* 497 N.W.2d 889, 890 (Iowa 1993). The constructive trust remedy may be imposed where a defendant has profited inequitably at the expense of a plaintiff. *In re Estate of Farrell,* 461 N.W.2d 360, 361 (Iowa App. 1990). The party who seeks the imposition of a constructive trust must establish the right by clear, convincing, and satisfactory evidence. *Id.*

Contrary to defendant's argument, plaintiff's pleading did not limit his theory of recovery to an express trust. Sufficient evidence supports the trial court's finding plaintiff proved the existence of a constructive trust by clear, convincing, and satisfactory evidence. Evidence supporting the finding of a constructive trust includes: (1) plaintiff's and Belenann's testimony regarding the purpose of the transfer of funds and plaintiff's intent to retain ownership; (2) the deposit of the funds into a separate subaccount rather than into defendant's and Belenann's main bank account; and (3) the use of part of the funds from the subaccount to pay for plaintiff's purchase of a car.

Defendant held legal title to the funds for the benefit of plaintiff. The constructive trust remedy may be imposed where a defendant has profited inequitably at the expense of a plaintiff. Sufficient evidence supports the trial court's finding of a constructive trust.

**IV. Assessment of Credibility.** Defendant argues the trial court's assessments of the parties' credibility were not supported by the evidence. We are keenly aware of the trial court's superior vantage point to make credibility determinations due to its ability to consider firsthand the demeanor and appearance of the parties. *See In re Marriage of Vrban,* 359 N.W.2d 420, 423 (Iowa 1984). The trial court's assessment of the parties is particularly important in a case such as this. The deference we accord the trial court's findings is grounded in wise public policy.

These determinations are more apt to be just when the objective facts are squared with the judge's subjective impressions, gained from close personal observations. One who personally observes holds a clear advantage over us who learn the case from a cold record. The firsthand observer can translate that advantage into a more just disposition.

*In re Marriage of Wegner,* 434 N.W.2d 397, 400 (Iowa 1988) (Harris, J., dissenting).

At issue was whether the funds had been transferred as a gift or in trust. The trial court had the opportunity to observe and assess the credibility of the witnesses in determining the circumstances surrounding the transfer. We defer to the trial court's findings of credibility.

■ *V. Motion to Reopen Evidence.* Defendant argues the trial court erred in refusing to reopen the record to admit evidence of a check for the first payment on plaintiff's sale of his Minnesota home. The check was made out to Belenann. Defendant contends the check bolsters his claim the sale proceeds were given to him and Belenann. A trial court has authority to allow any party to reopen the record and offer additional evidence. *See* Iowa R. Civ. P. 192; *Moser v. Stallings,* 387 N.W.2d 599, 603 (Iowa 1986). The trial court enjoys wide discretion in reopening a case for the reception of additional evidence. *Anderson v. City of Council Bluffs,* 195 N.W.2d 373, 378 (Iowa 1972).

■ In denying the motion to reopen, the trial court concluded defendant had not established good cause for not obtaining the evidence prior to trial. Even though it excluded the evidence, the court noted its reception would not have changed its outcome in ruling on the merits of the case. Given these circumstances, we can find no abuse of discretion in the trial court's refusal to reopen the evidence.

■ *VI. Defendant's Counterclaim.* Defendant argues he should have been awarded a judgment against plaintiff for $6503.88 for the beneficial use of his home and related expenses. Defendant acknowledges there was no agreement for plaintiff to pay rent or for other expenses. Defendant and Belenann had previously resided in plaintiff's Minnesota home for prolonged periods of time without paying any rent or expenses. Defendant failed to carry his burden to recover on his counterclaim for unjust enrichment.

**AFFIRMED.**

VOGEL, J., takes no part.