**IN THE COURT OF APPEALS OF IOWA**

No. 13-1501
Filed May 14, 2014

**PHYLLIS JEAN AUEN,**
     Plaintiff-Appellee,

**vs.**

**TODD AUEN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Crawford County, John P. Duffy,

Judge.


     A tenant appeals the declaratory judgment determining his farm lease was

terminated by oral agreement. **AFFIRMED.**


     Warren L. Bush of Bush Law Office, Wall Lake, for appellant.

     Derrick R. Franck and George C. Blazek of Franck & Sextro, P.L.C.,

Denison, for appellee.


     Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

Farmer Todd Auen appeals a declaratory judgment, claiming the district court erred in ruling he reached a valid oral agreement in August 2012 to terminate his long-standing lease with his step-grandmother, Phyllis Auen, for the 2013 crop year. He reasons in the absence of an oral agreement, the farm lease termination was invalid under Iowa Code sections 562.6 and 562.7 (2011). Giving weight to the district court's detailed credibility findings, we agree Todd entered an oral agreement to terminate the farm lease and affirm.

## I.     Background Facts and Proceedings

Phyllis and Orville Auen were married for thirty-seven years. Todd originally helped his grandfather Orville on their 224-acre farm. He then took over the farming duties when Orville became ill. When Orville died, he left his wife Phyllis with a life estate. She enjoyed a good relationship with her step-grandson Todd. On September 8, 2007, Phyllis and Todd signed a lease obligating Todd to pay $27,600 annually to rent the farmland. Phyllis signed the lease herself. The lease was carried over every year through 2012.

Merlin Arnold is Phyllis's son. He has been Phyllis's attorney-in-fact since late 2004 or early 2005. At the time of the August 2013 trial, Phyllis was ninety-four years old and living in a senior care facility due to her weakened physical state, diminished mental capacity, and blindness. Merlin testified Todd, who was forty-two at the time of trial, knew Merlin was acting for Phyllis because "the last five years, my mother had told [Todd] to deal with me on the farm because she couldn't handle the finances."

On April 1, 2012, Todd and Merlin met at Phyllis's apartment. Todd testified he "just handed grandma the check and said, you know, the rents are crazy and the rent should be adjusted." No further discussion of the rent occurred.

On August 16, 2012, Todd and Merlin met at Merlin's house to discuss the rent for the upcoming crop year. Janice Arnold, Merlin's wife, was also present. By then, Phyllis had moved into a nursing home and the cost of her care had increased greatly from her previous assisted-living expenses. Todd described the meeting: "Just discussed the increase of rent because of grandma's health." Janice testified Todd and Merlin went back and forth on the future amount of rent and Todd eventually said he could not come up with the money Merlin was asking—$75,000 per crop year.

This heated discussion is at the heart of the dispute in this case. Merlin testified he told Todd, "[S]ince the first of September was coming up that I would have to terminate the lease, that I did terminate the lease." He testified Todd replied, "Okay, it's terminated." Janice's testimony supported Merlin's recollection of the conversation. In contrast, Todd testified he told Merlin as he left that "if the rent's got to be raised this high, then the first thing [you need] to do is terminate the lease." Todd also told the court he did not agree to terminate the lease "in that meeting."

After the meeting Merlin asked an attorney to prepare a notice of termination of farm tenancy because he "wanted it documented in case something would happen to either me or Todd." On August 20, 2012, four days

after the meeting, the attorney sent a transmittal letter and a notice of termination to Todd. The letter stated: "I would ask you to sign all of the enclosed copies [of the Notice of Termination of Farm Tenancy] retaining one for your records, and then return the remaining two executed notices to me in the envelope that I have provided."

This letter was not sent by certified mail, or if it was, the attorney has lost the certification. Nevertheless, Todd admitted he received the letter but denied opening it. Todd testified he did not open the letter because "[i]t wasn't a priority at the time . . . . [W]hen I got [around] to it later is when I open[ed] it, when I go through the mail, later, so . . . ." Todd also testified he thought the letter was correspondence about his divorce.[1]

Todd continued to possess the farmland through the 2013 crop year and paid $27,600 in cash rent for that year.

Phyllis filed a petition in equity for declaratory relief in December 2012. She requested the district court find her farm lease with Todd ended in August 2012. Todd answered, denying the lease had been terminated. The district court held trial in August 2013. On August 28, 2013, the district court found the lease was terminated by a valid oral agreement in August 2012. Todd now appeals.

## II.    Standard of Review

Our review of a declaratory judgment action depends upon how the action was tried before the district court. *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d

---

[1] The same law firm representing Phyllis in this matter is opposing counsel's firm in Todd's divorce proceedings.

174, 178 (Iowa 2010) (citing *Passehl Estate v. Passehl*, 712 N.W.2d 408, 414 (Iowa 2006)). We consider the "pleadings, relief sought, and nature of the case [to] determine whether a declaratory judgment action is legal or equitable." *Nelson v. Agro Globe Eng'g, Inc.*, 578 N.W.2d 659, 661 (Iowa 1998). The pleadings in this case were filed in equity. Cases tried in equity are reviewed de novo. *Owens v. Brownlie*, 610 N.W.2d 860, 865 (Iowa 2000). "Thus, we give weight to the findings of fact made by the trial court in this case, especially with respect to the credibility of witnesses, but are not bound by those findings." *Id.*

**III.    Analysis**

Parties to a farm lease can terminate the agreement in three ways. First, a lease can be terminated by a party serving written notice "on or before September 1." *See* Iowa Code § 562.7;[2] *see also Leise v. Schiebel*, 67 N.W.2d 25, 26 (Iowa 1954) ("The statute [requiring service] is mandatory. Unless we can find defendants have by oral agreement . . . deprived themselves of its protection," the plaintiff's failure to serve notice is controlling.).

---

[2] Iowa Code section 562.7 states:

> Written notice shall be served . . . by using one of the following methods:
> 1. By delivery of the notice, on or before September 1, with acceptance of service to be signed by the party to the lease . . . receiving the notice.
> 2. By serving the notice, on or before September 1, personally, or if personal service has been tried and cannot be achieved, by publication . . . except that when the notice is served by publication no affidavit is required. Service by publication is completed on the day of the last publication.
> 3. By mailing the notice before September 1 by certified mail. Notice served by certified mail is . . . completed when the notice is enclosed in a sealed envelope, with the proper postage [and proper address] and deposited in a mail receptacle provided by the United States postal service.

Second, under Iowa Code section 562.6, a lease can be terminated by oral or written agreement: "If an agreement is made fixing the time of the termination of a tenancy, whether in writing or not, the tenancy shall terminate at the time agreed upon, without notice." *See Leise*, 67 N.W.2d at 28 (noting the sharply conflicting testimony, the plaintiff's burden to prove an oral contract to terminate, and "the fact the trial judge . . . had opportunity to see and hear the witnesses" before it ruled against the plaintiff).

Finally, in *Denton v. Moser*, the Iowa Supreme Court stated "[A] farm tenancy may be terminated by agreement of the parties, by proof of estoppel, or by waiver. In such an event requiring written notice of termination under section 562.7 has no application." 241 N.W.2d 28, 31 (Iowa 1976) (internal citations omitted).

The question here is whether the parties reached an oral agreement to terminate the farm lease. The district court ruled they did. In its well-reasoned opinion, the court specifically found the testimony of Merlin and Janice Arnold to be more credible than the testimony of Todd Auen. The court noted Merlin was required to look out for the best interests of his mother and "has really nothing personally to gain from obtaining a cash rent lease at a high price for the crop year 2013."

The district court also specifically found Todd's testimony that he saw the law firm's August 20 letter but did not open it "fairly unbelievable." The court noted Todd "had visited with Merlin Arnold just a few days before regarding the lease . . . . It seems strange he would not open the letter before September 1,

2012." *See* Iowa Code § 562.7 (establishing requirement of notice "on or before September 1"). The court recognized Todd had "a lot to gain if he can remain on the land at the cash rent price of $27,600" and concluded Todd's personal interest "affects his credibility."

The court rejected Todd's argument that the attorney's August 20 "act of sending a notice of termination" is contrary to the existence of an August 16 oral agreement to terminate. The court found the letter inferred "a prior agreement" because the attorney "sent the notice with an acknowledgment" and requested Todd sign and return the acknowledgement—"[t]his is considered an agreement to terminate the lease." The court further found, if no oral agreement had been made, the attorney would "at that point been required *to serve* notice of termination" to effectively end the lease agreement. *See id.* (emphasis added).

We give "great deference to the trial court on issues of witness credibility." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 679 (Iowa 1998); *see Neimann v. Butterfield*, 551 N.W.2d 652, 654 (Iowa Ct. App. 1996) ("We are keenly aware of the trial court's superior vantage point to make credibility determinations due to its ability to consider firsthand the demeanor and appearance of the parties.").

In deciding if the parties entered an oral agreement to terminate a farm lease, the district court had the opportunity to see the witnesses and assess their credibility. The court also properly considered the circumstances surrounding the termination. We defer to the court's findings of credibility—"these determinations are more apt to be just when the objective facts are squared with the judge's

subjective impressions, gained from close personal observations." *Neimann*, 551 N.W.2d at 655 (internal quotation marks and citation omitted).

Upon our de novo review, we conclude the parties entered into an oral agreement to terminate the lease on August 16, 2012. Accordingly, we affirm. Costs are taxed to Todd Auen.

**AFFIRMED.**