# IN THE COURT OF APPEALS OF IOWA

No. 16-1694
Filed March 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID MIKEL ROBBINS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney (motion to suppress) and James C. Ellefson (trial), Judges.

David Robbins appeals his convictions following a jury trial. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

David Robbins appeals from his convictions for several drug-related offenses asserting his motion to suppress should have been granted because the application for the search warrant lacked corroboration, he was entitled to a *Franks* hearing, and the district court abused its discretion in declining to reopen the suppression record. Robbins also asserts his motions for judgment of acquittal and new trial should have been granted. Because there is sufficient evidence to corroborate the warrant application information and Robbins was given two suppression hearings to make his challenges to the search warrant, his motion to suppress evidence was properly denied. We also agree with the district court that Robbins was competent to stand trial, there was sufficient evidence of Robbins's in-court identity, and there was no abuse of discretion in allowing the jury to hear an audio recording on a different playback device in the jury room. We affirm.

## I. Background Facts and Proceedings

On April 7, 2014, Marshalltown Police obtained a search warrant and a S.W.A.T. team executed the warrant on a residence occupied by Robbins. Officers found approximately one-half pound of methamphetamine, approximately two pounds of marijuana, drug paraphernalia, and cash. An officer spoke with Robbins following the search and asked him who occupied the northwest bedroom where most of the contraband was found. Robbins answered, "Mel and me," indicating he shared the room with a woman. The conversation was captured on an audio recording. Robbins was arrested and charged with possession of methamphetamine with intent to deliver, in violation of Iowa Code sections 124.401(1)(b)(7) and 124.441 (2014); possession of marijuana with intent to

deliver, in violation of Iowa Code sections 124.401(1)(d) and 124.441; failure to affix a drug-tax stamp, methamphetamine, as a habitual offender, in violation of Iowa Code sections 453B.3, 902.7, and 902.9(1)(c); and failure to affix a drug-tax stamp, marijuana, as a habitual offender, in violation of Iowa Code sections 453B.3, 902.8, and 902.9(1)(c).[1] Robbins proceeded to a jury trial, was convicted of the aforementioned charges, and was sentenced.

Robbins appeals.

## II. Standards of Review

Our review of a district court's ruling regarding probable cause for issuance of a search warrant is de novo. *State v. Myers*, 570 N.W.2d 70, 72 (Iowa 1997). Under our de novo review, we must determine whether the district court properly decided whether the magistrate had a substantial basis for concluding that probable cause existed. *See State v. Green*, 540 N.W.2d 649, 655 (Iowa 1995).

We review a district court's grant or denial of a motion in arrest of judgment and a motion for a new trial for abuse of discretion." *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008); *Millis v. Hute*, 587 N.W.2d 625, 629 (Iowa Ct. App. 1998). We will not reverse unless the court abused its discretion by making a "clearly untenable" ruling "without reason." *State v. Andrews*, 447 N.W.2d 118, 120 (Iowa 1989).

## III. Motion to Suppress

### A. Search Warrant

---

[1] Robbins was acquitted of another charge, unlawful gathering in violation of Iowa Code sections 124.407 and 124.411.

Robbins asserts the district court should have granted his motion to suppress evidence obtained under the search warrant because there was not adequate corroboration of the informant's information to meet the credibility requirement and the application contained misrepresentations.

"Probable cause to issue a search warrant exists 'when the facts and circumstances presented to the judicial officer are sufficient in themselves to justify the belief of a reasonably cautious person that an offense has been or is being committed.'" *State v. Groff*, 323 N.W.2d 204, 212 (Iowa 1982) (citations omitted). Probable cause requires a probability determination that "(1) the items sought are connected to criminal activity and (2) the items sought will be found in the place to be searched." *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997). The assessment of probable cause is not to be an overly technical exercise. *Id.* at 364.

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983). When reviewing the application, all reasonable inferences are drawn in support of the judge's finding of probable cause and we give great deference to the judge's conclusion. *Gogg*, 561, N.W.2d at 364. Because we give preference to searches pursuant to warrants, we resolve doubts in favor of the warrant's validity. *State v. Weir*, 414 N.W.2d 327, 330 (Iowa 1987). The amount of evidence needed to support probable cause is less than is required to support a conviction, but more than mere suspicion of criminal activity is needed. *Id.*

Iowa Code section 808.3 provides that the application or sworn testimony supporting the application "must establish the credibility of the informant or the credibility of the information given by the informant."  When assessing the credibility of informants, we have relied on the following factors: (1) "whether the informant was named," (2) "the specificity of facts detailed by the informant," (3) "whether the information furnished was against the informant's penal interest," (4) "whether the information was corroborated," (5) "whether the information was not public knowledge," (6) "whether the informant was trusted by the accused," and (7) "whether the informant directly witnessed the crime or fruits of it in the possession of the accused."  *Weir*, 414 N.W.2d at 332.

After reviewing the application for a search warrant and the attachments, we determine the information contained in the application established probable cause.  The application and affidavit reveal that an informant was arrested after an on-duty officer observed him toss marijuana to the ground.  The informant stated he:

> had been smoking meth with a Dave earlier in the day and [Robbins] had a large quantity of "Ice".  [The informant] said Dave lives with a Mel.  He also said Dave deals marijuana and ice from his house on 3rd St and W State St.  [The informant] said that the ice is in a safe in the wall in [Robbins's] bedroom.

A subsequent investigation revealed Mel has a vehicle registered to West State Street, and when the informant was shown a picture of the residence, he confirmed that was the house where Robbins lived.  As the district court found:

> [The informant's] credibility was enhanced by the fact that he was named; that he directly witnessed the crime or fruits of it in the possession of Robbins; by the specificity of the facts detailed by him; that the information furnished by him was against his penal interests; that he was trusted by Robbins as shown by his being in the

residence; by saying he used drugs with Robbins earlier that day; and that the information he provided was not public knowledge.

We agree with the district court these facts are sufficient to establish the credibility of the informant and probable cause for the issuance of a search warrant.

### B. *Franks* Hearing

Robbins's assertion that he is entitled to a *Franks* hearing also fails. In *Franks v. Delaware*, 438 U.S. 154 (1978), the United States Supreme Court "developed a means to examine truthfulness of an affiant in presenting evidence to a magistrate supporting issuance of a search warrant." *State v. Niehaus*, 452 N.W.2d 184, 186 (Iowa 1990). *Franks* limits its inquiry to a "determination of whether the affiant was purposely untruthful with regard to a material fact in his or her application for the warrant, or acted with reckless disregard for the truth." *See id.* (recognizing that the Iowa Supreme Court adopted an identical standard in *State v. Groff*, 323 N.W.2d 204 (Iowa 1982)). If the court determines that the affiant was purposely untruthful or acted with reckless disregard for the truth in applying for a warrant, any offensive material is excised and "the remainder of the warrant reviewed to determine whether probable cause existed." *Id.* at 186–87.

Because Robbins primarily asserts the informant provided false information, not that the affiant officer was purposely untruthful or acted with reckless disregard for the truth, the court did not err in denying his motion for a *Franks* hearing. In addition, as noted above much of the information gathered from the informant was corroborated. The district court found:

> Robbins has failed to make the requisite preliminary showing in this regard. No evidence presented rises to the level of showing either

deliberate falsehood or a reckless disregard for the truth. His offer of proof is merely conclusory and, frankly, appears to be an attempt to again cross-examine Officer Maxie and Deputy Phillips after having deposed each of them several times during the pendency of these proceedings.

Because Robbins's motion did not attack the truthfulness of the affiant officer, did not show any false information in the affidavit, and there was sufficient information to establish probable cause, the district court did not err when it denied Robbins's motion for a *Franks* hearing.

## C. Motion to Reopen Record

Robbins moved to suppress evidence twice. The first motion was heard on September 3, 2015; the second was heard on April 5, 2016. Robbins asserts the district court abused its discretion when it denied him the opportunity to reopen the record from his first suppression hearing to question two officers regarding the search-warrant affidavit.

A trial court has authority to allow any party to reopen the record and offer additional evidence. *See* Iowa R. Civ. P. 1.920; *Neimann v. Butterfield*, 551 N.W.2d 652, 655 (Iowa Ct. App. 1996). The trial court enjoys wide discretion in reopening a case for the reception of additional evidence. *Neimann*, 551 N.W.2d at 655.

Robbins contends the district court's denial to reopen the suppression record was unreasonable because he did not have a fair and full opportunity to examine the two officers who were originally scheduled to testify. Robbins asserts, following a hearing on his second motion to suppress in which he represented himself, he had a better understanding of his case and wished to reopen the record of his first motion to suppress hearing. The district court denied the motion. Upon

our review of the record, we conclude the district court acted within its discretion in denying the motion.

Robbins's counsel received notice two days prior to the first suppression hearing that the officers would not be present to testify. In his motion to reopen, he stated: "The undersigned [counsel] was provided an email, two days prior to the hearing indicating the witnesses would not be present. The undersigned [counsel] did not see the email until the time of the hearing." Although Robbins had time to subpoena the officers prior to the hearing, he did not do so. After keeping the record open to allow Robbins to submit deposition transcripts of three law enforcement officers as well as his own notes detailing his arguments in support of his motion, the court denied the motion. Further, this request to reopen the September 2015 suppression hearing came in April 2016, approximately seven months after the first suppression hearing he wished to reopen. Given these circumstances, we find no abuse of discretion in the district court's refusal to reopen the first suppression hearing record.

## IV. Post-Trial Motions

### A. Drug-Tax Stamp

Associated with both of the possession-with-intent-to-distribute charges were two additional drug-tax-stamp violations. During the State's case, and on direct examination of the sheriff's deputy, the State failed to introduce evidence of the drug-tax-stamp violation. After Robbins cross-examined the witness, the State, on redirect, attempted to introduce the drug-tax-stamp violation and Robbins's counsel objected to the question as being beyond the scope of cross-examination. The State then moved to reopen the record and introduce the violations.

The district court acted within its discretion in allowing the State to provide additional testimony from one of the officers on redirect to include testimony regarding the drug-tax-stamp charges. As the State notes, the drug-tax-stamp charging details were contained in the minutes of evidence. Additionally, the State sought to offer testimony during redirect examination of the same witness shown in the minutes of evidence. Consequently, we conclude the court did not abuse its considerable discretion in reopening the record to admit testimony about the drug-tax-stamp violations.

### B. Supplying the Jury with a Different Playback Device

Robbins contends the district court abused its discretion when it allowed the jury to listen to the recording captured by the deputy upon Robbins's arrest on a different device during deliberations.[2] The audio was played during trial on a large

---

[2] Robbins asserts the jury committed misconduct by considering improper evidence related to the playback device. This argument was not raised at the trial court level, therefore Robbins has not properly preserved his misconduct claim for our review. *See State v. Eames*, 565 N.W.2d 323, 326 (Iowa 1997) (stating issues must ordinarily be

television speaker, but when the jury asked to hear it again during deliberations, the court provided the jury with a smaller, portable playback device.

Iowa Rule of Criminal Procedure 2.19(5)(e) provides, in part:

> Upon retiring for deliberations the jury may take with it all papers and exhibits which have been received in evidence, and the court's instructions; provided, however, the jury shall not take with it depositions, nor shall it take original public records and private documents as ought not, in the opinion of the court, to be taken from the person possessing them.

"This rule 'leaves it to the trial court, in its discretion, to determine whether exhibits are to be taken by the jury during deliberation.'" *State v. Jackson*, 387 N.W.2d 623, 629 (Iowa 1986) (citations omitted). The trial court should consider, "(i) whether the material will aid the jury in a proper consideration of the case; (ii) whether any party will be unduly prejudiced by submission of the material; and (iii) whether the material may be subjected to improper use by the jury." *Id.*

We conclude the district court acted within its discretion to allow the jury access to a smaller "boom box" to listen to the recording. Robbins does not argue the court improperly admitted the recording into evidence, the recording is different, or the jury used the recording for an improper purpose. He only argues that the second device played the recording more clearly. Because the district court provided the jury with the capability to replay the recording to aid in its ultimate verdict, there is no abuse of discretion.

Even assuming the court abused its discretion, Robbins does not show the recording alone prompted the jury's verdict. In addition to the recording, the deputy

---

presented to and passed upon by the trial court before they may be raised and adjudicated on appeal).

who recorded the conversation testified to the disputed words. Robbins claims when asked who occupied the bedroom where much of the evidence was found, he said, "Melanie." However, when replayed on a clearer device, Robbins was heard to say "Mel and me." Robbins was even able to cross-examine the deputy as to his recollection, and the deputy confirmed that Robbins had implicated himself by saying, "Mel and me." Upon our review of the record, we find even if the smaller playback device should not have been provided to the jury, any error was harmless.

### C. Identification

Robbins asserts the district court erred in denying his motion in arrest of judgment, and motion for a new trial because the State failed to make an in-court identification of him as the person charged with the crimes. We disagree. During trial, an officer with the Marshalltown Police Department and a deputy with the Marshall County Sheriff's Office, both of whom were involved with the execution of the search warrant on Robbins's residence, identified Robbins. One officer was shown a picture of Robbins and he indicated the photo "fairly and accurately" depicted Robbins as the person they arrested. Robbins did not object and the photo was entered into evidence.[3] The other officer indicated he recognized Robbins, from previous dealings, when he entered the residence.

---

[3] We note, "a witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *State v. Kardell*, No. 09-1859, 2011 WL 441961, at *8 (Iowa Ct. App. Feb. 9, 2011) (citing *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995)).

Furthermore, Robbins's counsel referred to the defendant as "David Mikel Robbins" to the jury prior to jury selection.[4]  Robbins did not object or indicate he was not the same David Robbins whose residence was searched and drugs were found.  Upon our review of the record, we conclude substantial evidence supports the identity element and the district court did not abuse its discretion in denying Robbins's motions.

### D. Competency

Lastly, Robbins contends the district court erred in finding he was fit to stand trial, which impacted his ability to participate in his own defense.  The basic test for determining if a defendant is competent to stand trial is "whether the defendant has the present ability to understand the charges against him or her and communicate effectively with defense counsel."  *State v. Rieflin*, 558 N.W.2d 149, 152 (Iowa 1996), *overruled on other grounds by State v. Lyman*, 776 N.W.2d 865, 872–73 (Iowa 2010).  Under this standard, there is a two-step inquiry that must be conducted: "(1) whether the defendant is sufficiently coherent to provide his counsel with information necessary or relevant to constructing a defense; and (2) whether he is able to comprehend the significance of the trial and his relation to it."  *State v. Rhode*, 503 N.W.2d 27, 35 (Iowa Ct. App. 1993).  A defendant is presumed competent to stand trial.  *Rieflin*, 558 N.W.2d at 151–52.  The trial court has the "authority to make necessary competency determinations whenever and as often

---

[4] An "in-court identification is not necessary when the defendant's attorney himself identifies his client at trial."  *Kardell*, 2011 WL 441961, at *8 (citing *Alexander*, 48 F.3d at 1490).

as may be required by the particular circumstances of a case." *Andrews*, 447 N.W.2d at 120.

After a December 14, 2015 hearing, the court determined there was probable cause that Robbins was "suffering from a disorder which may prevent [him] from appreciating the charge[s], understanding the proceedings, or assisting effectively in his defense." It then ordered a competency evaluation. The evaluation found Robbins competent to stand trial and Robbins agreed with this conclusion. The district court entered an order accordingly. In his motion for new trial, Robbins asserted his *physical* condition caused him to be "drowsy, sluggish and unable to maintain focus and concentration throughout the trial." The record provides many instances during trial in which Robbins conferred with his counsel. The district court found Robbins "was participating in his own defense. He was frequently at my observation orchestrating and supervising the defense. He was directing defense counsel." Upon our review of the record, and deferring to the district court's personal observations of Robbins's demeanor,[5] we conclude there is substantial evidence to support the district court's finding that Robbins was competent to stand trial and the district court was within its discretion to deny his motion for new trial on this ground.

## V. Conclusion

Because there is sufficient independent evidence to corroborate information on the search-warrant application, we affirm the district court's denial of Robbins's motion to suppress and motion for a *Franks* hearing. We also find no abuse of

---

[5] *See State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001) (giving "deference to the district court's fact findings due to its opportunity to assess the credibility of witnesses at trial").

discretion in the court's denial of Robbins's request to reopen the first suppression hearing record.  As to the post-trial motions, we conclude there is sufficient evidence of Robbins's identity as the person charged with the crimes and the court did not abuse its discretion in allowing the jury to hear the recording on a different playback device, in permitting the State to question a witness on redirect to prove the drug stamp violations, or in finding Robbins competent to stand trial, such that Robbins's motion in arrest of judgment or motion for new trial should have been granted.

**AFFIRMED.**